(text box: 1) NO. 5-99-0829

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

KEITH GRIFFITH and TERRY WILLIAMS, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellants, )  Franklin County.

)

v. )  No. 99-CH-49

)

GLEN BOWER, Director of Revenue, )

)

     Defendant-Appellee, )

)

and )

)

PATTY REDPATH, in Her Own Behalf and as )

Natural Guardian of Her Children JOEY REDPATH, )

JESSE REDPATH, and ALEX REDPATH; )

DR. MATTHEW KUHN, in His Own Behalf and as )

Natural Guardian of His Children ALEXIS KUHN and )

ANDREW KUHN; MARY ELLEN LOVELL, in Her )

Own Behalf and as Natural Guardian of Her Children )

RYAN LOVELL and HAYLEY LOVELL; MARIA )

RAZO, in Her Own Behalf and as Natural Guardian of Her )

Children CECILIA RAZO and GLORIA RAZO; )

RABBI DAVID SCHNELL, in His Own Behalf and as )

Natural Guardian of His Children TZVI SCHNELL, )

AVIVA SCHNELL, DEVORA SCHNELL, SHMUEL )

SCHNELL, NECHAMA SCHNELL, EPHRAIM )

SCHNELL, and ESTHER SCHNELL; SILVIA )

ESPINOZA, in Her Own Behalf and as Natural Guardian )

of Her Children DANIEL ESPINOZA, ONYX )

ESPINOZA, and CHRISTOPHER ESPINOZA; DR. )

SHAKIR MOIDUDDIN, in His Own Behalf and as Natural )

Guardian of His Children ABED MOIDUDDIN and )

AKIF MOIDUDDIN; ANNE SAPIENZA, in Her Own )

Behalf and as Natural Guardian of Her Children )

CHRISTINA SAPIENZA, ANDREA SAPIENZA, )

GERARD SAPIENZA, MARIA SAPIENZA, PHILLIP )

SAPIENZA, and GINA SAPIENZA; STEVEN PANCER, )

in His Own Behalf and as Natural Guardian of His Children )

JOSHUA PANCER, ARI PANCER, and MEIR PANCER; )

MICHAEL RIORDAN, in His Own Behalf and as Natural )

Guardian of His Children BRIAN RIORDAN and KEVIN )

RIORDAN; DALYN DYE, in His Own Behalf and as )

Natural Guardian of His Child NATHAN DYE; and HELEN )

MIXON, in Her Own Behalf and as Natural Guardian of Her )

Child TERMAINE MIXON, )  Honorable

)  Loren P. Lewis,

     Intervening Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

Keith Griffith (a public school teacher) and Terry Williams (a parent of children attending public school) (plaintiffs) filed a declaratory judgment action requesting that the Education Expense Credit Act (Act) (Pub. Act 91-9, §5, eff. January 1, 2000 (adding 35 ILCS 5/201(m) (West Supp. 1999)) be declared unconstitutional because it violates article I, section 3, and article X, section 3, of the Illinois Constitution  (Ill. Const. 1970, art. I, §3; art. X, §3).  The Act has been codified as section 201(m) of the Illinois Income Tax Act (Tax Code) (35 ILCS 5/201(m) (West Supp. 1999)).  Plaintiffs contend that the Act allows tax revenues to be expended in support of religious education and grants preferential treatment under the Tax Code to parents sending children to religious schools.  Both Glen Bower, in his official capacity as director of the Department of Revenue of the State of Illinois (defendant), and the intervening defendants, parents of children attending private and public schools (intervenors), filed motions to dismiss plaintiffs' complaint.  The circuit court of Franklin County granted the motions to dismiss after finding that the complaint failed to state a cause of action and was substantially insufficient in law.  Plaintiffs appeal, contending that the court erred in dismissing their complaint and in holding that the Act does not violate either section 3 of article I or section 3 of article X of the Illinois Constitution.  Plaintiffs also contend that the court erred in relying on United States Supreme Court case law in determining whether the Act violates the Illinois Constitution.  We affirm.

The Act provides that, beginning with the 2000 tax year, Illinois taxpayers may annually take a credit of up to $500 against their state income tax liability for 25% of qualified education expenses incurred on behalf of a dependent child or children in kindergarten through grade 12 at any state public or nonpublic school that is in compliance with Title XII of the Civil Rights Act of 1964 (42 U.S.C. §2000e 
et seq.
 (1994)) and satisfies the requirement of section 26-1 of the School Code (105 ILCS 5/26-1 (West 1998)).  A qualified education expense is defined as the amount incurred on behalf of a qualifying pupil in excess of $250 for tuition, book fees, and lab fees at the school in which the pupil is enrolled.  35 ILCS 5/201(m) (West Supp. 1999).  Plaintiffs assert that there are approximately 1,389 private schools in Illinois which meet the Act's definition of school and which charge tuition, book fees, and lab fees in excess of $250 per pupil.  Of these schools, 1,167 are religious or sectarian in which the children are taught religious doctrines and practices.  According to plaintiffs, 82 of Illinois's 102 counties have no nonsectarian private school located within their boundaries.  They also claim that the public schools in Franklin County charge tuition, book fees, and lab fees on average in an amount less than $40 per student.  Plaintiffs further point out that the Act does not place any restrictions on the uses to which sectarian schools may put the tuition monies they receive as a result of the tax credit.  For these reasons, plaintiffs argue that the Act has the effect of giving aid to children in religious schools that is not given to children in public schools, all in violation of the Illinois Constitution.  As part of their argument, plaintiffs assert that a tax credit is an expenditure.  They argue that therefore the support of religious education through tax credits is an appropriation or payment of public funds for sectarian purposes.  The subsidy that the Act provides to religious schools will, according to plaintiffs, result in Illinois taxpayers either paying higher taxes or suffering reduced services, thereby forcing them to become indirect and vicarious "donors."  Plaintiffs' arguments are similar, if not identical, to those raised and addressed in 
Toney v. Bower
, No. 4-00-0401 (February 8, 2001).  We find the reasoning in 
Toney
 persuasive and accordingly answer plaintiffs' contentions in the same manner.

We initially note that a reviewing court is to uphold a trial court's decision to dismiss a complaint for the failure to state a cause of action if it clearly appears that no facts could be set forth that would entitle the plaintiffs to relief.  
Mattis v. State Universities Retirement System
, 296 Ill. App. 3d 675, 683, 695 N.E.2d 566, 571 (1998).  Secondly, legislative enactments enjoy a strong presumption of constitutionality, and all doubts must be resolved in favor of the statute's validity.  
Kunkel v. Walton
, 179 Ill. 2d 519, 529, 689 N.E.2d 1047, 1051 (1997); 
In re Marriage of Lappe
, 176 Ill. 2d 414, 422, 680 N.E.2d 380, 384-85 (1997).   We agree with defendant and intervenors that the trial court correctly concluded that the Act violates neither article I nor article X of the Illinois Constitution.  The credit at issue here does not involve any appropriation or use of public funds.  See 
Toney
, slip op. at 8.  No money ever enters the state's control as a result of this tax credit.  Rather, the Act allows Illinois parents to keep more of their own money to spend on the education of their children as they see fit and thereby seeks to assist those parents in meeting the rising costs of educating their children.  As recognized in 
Toney
, the Act has the secular purpose of ensuring that Illinois children are well educated.  
Toney
, slip op. at 17.  Maintaining the financial health of private schools is also of importance as such schools relieve taxpayers of the burden of educating private school students.  
Toney
, slip op. at 17.  More importantly, the credit is equally available to all parents of public or nonpublic school children.  Funds become available to schools only as the result of private choices made by individual parents.  
Toney
, slip op. at 17; see also 
Mueller v. Allen
, 463 U.S. 388, 400, 77 L. Ed. 721, 731, 103 S.Ct. 3062, 3070 (1983).  Contrary to plaintiffs' claims, the Act does not have the primary effect of advancing religion.  Accordingly, we conclude, as did the 
Toney
 court, that the Act is constitutional.  The trial court therefore properly dismissed plaintiffs' complaint.  We likewise find no error with respect to the trial court relying on United States Supreme Court case law to determine the constitutionality of the Act under Illinois law.  See 
Toney
, slip op. at 12.

For the aforementioned reasons, we affirm the judgment of the circuit court of Franklin County.

Affirmed.

MAAG and HOPKINS, JJ., concur.

                                      NO. 5-99-0829

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

KEITH GRIFFITH and TERRY WILLIAMS, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellants, )  Franklin County.

)

v. )  No. 99-CH-49

)

GLEN BOWER, Director of Revenue, )

)

     Defendant-Appellee, )

)

and )

)

PATTY REDPATH, in Her Own Behalf and as )

Natural Guardian of Her Children JOEY REDPATH, )

JESSE REDPATH, and ALEX REDPATH; )

DR. MATTHEW KUHN, in His Own Behalf and as )

Natural Guardian of His Children ALEXIS KUHN and )

ANDREW KUHN; MARY ELLEN LOVELL, in Her )

Own Behalf and as Natural Guardian of Her Children )

RYAN LOVELL and HAYLEY LOVELL; MARIA )

RAZO, in Her Own Behalf and as Natural Guardian of Her )

Children CECILIA RAZO and GLORIA RAZO; )

RABBI DAVID SCHNELL, in His Own Behalf and as )

Natural Guardian of His Children TZVI SCHNELL, )

AVIVA SCHNELL, DEVORA SCHNELL, SHMUEL )

SCHNELL, NECHAMA SCHNELL, EPHRAIM )

SCHNELL, and ESTHER SCHNELL; SILVIA )

ESPINOZA, in Her Own Behalf and as Natural Guardian )

of Her Children DANIEL ESPINOZA, ONYX )

ESPINOZA, and CHRISTOPHER ESPINOZA; DR. )

SHAKIR MOIDUDDIN, in His Own Behalf and as Natural )

Guardian of His Children ABED MOIDUDDIN and )

AKIF MOIDUDDIN; ANNE SAPIENZA, in Her Own )

Behalf and as Natural Guardian of Her Children )

CHRISTINA SAPIENZA, ANDREA SAPIENZA, )

GERARD SAPIENZA, MARIA SAPIENZA, PHILLIP )

SAPIENZA, and GINA SAPIENZA; STEVEN PANCER, )

in His Own Behalf and as Natural Guardian of His Children )

JOSHUA PANCER, ARI PANCER, and MEIR PANCER; )

MICHAEL RIORDAN, in His Own Behalf and as Natural )

Guardian of His Children BRIAN RIORDAN and KEVIN )

RIORDAN; DALYN DYE, in His Own Behalf and as )

Natural Guardian of His Child NATHAN DYE; and HELEN )

MIXON, in Her Own Behalf and as Natural Guardian of Her )

Child TERMAINE MIXON, )  Honorable

)  Loren P. Lewis,

     Intervening Defendants-Appellees. )  Judge, presiding.

___________________________________________________________________________________

___________________________________________________________________________________

Opinion Filed:
 April 3, 2001

___________________________________________________________________________________

Justices
: Honorable Philip J. Rarick, J.

Honorable Gordon E. Maag, J., and 

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorneys
 Melissa J. Auerbach, Richard J. Tupper, Cornfield and Feldman, 25 East Washington

for
 Street, Suite 1400, Chicago, IL 60602-1803 (for Keith Griffith and Terry Williams)

Appellants
 

Jane M. Whicher, Harvey Grossman, Lauren B. Raphael, The Roger Baldwin 

Foundation of the ACLU, Inc., 180 N. Michigan Ave., #2300, Chicago, IL 

60601; Jonathan K. Baum, Katten Muchin & Zavis, 525 West Monroe Street, #1600, Chicago, IL  60661 (for 
amici curiae
 The American Civil Liberties Union of Illinois, Designs for Change, Parents United for Responsible Education, and Schools First)

___________________________________________________________________________________

Attorneys
 James E. Ryan, Attorney General State of Illinois, Joel D. Bertocchi, Solicitor

for
 General, Jerald S. Post, Assistant Attorney General, 100 W. Randolph Street, 12
th
 

Appellees
 Floor, Chicago, IL 60601 (for Glen Bower, Director of Revenue)

Ron D. Coffel, 502 West Public Square, Benton, IL 62812; Clint Bolick, William H.

Mellor, Matthew Berry, Institute for Justice, 1717 Pennsylvania Avenue, NW, Suite

200, Washington, DC 20006 (for intervenors Patty Redpath, 
et al.
)

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 04/03/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.